## THIRD DEPARTMENT, MAY, 1948.

### (May 5, 1948.)

THORNTON HUNTER, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 27898.)

THORNTON HUNTER, as Administrator of the Estate of GALENA HUNTER, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 27899.)

JOHN MARTIN, as Administrator of the Estate of ALDA MARTIN, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 27901.)

JOHN MARTIN, as Administrator of the Estate of BERNARD MARTIN, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 27900.)

*Per Curiam*: In the first three matters entitled above the claimants have recovered judgments against the State of New York, which appeals, and in the fourth and last, the claim was dismissed and the administrator appeals. Claimant Thornton Hunter and intestate Galena Hunter were man and wife, the intestates Bernard Martin and Alda Martin were man and wife. These four persons were riding in an automobile which the intestate Bernard Martin was driving along the main street in the hamlet of Parishville in St. Lawrence County, and ran off the dead-end portion of the street into the west branch of the St. Regis River, claimant Thornton Hunter alone surviving. He recovered a very small judgment in the Court of Claims, the administrators of the two deceased women each recovered a reasonably substantial judgment, and the claim of the administrator of the driver, decedent Martin, was dismissed upon findings that while the State was negligent, he was guilty of contributory negligence.

The paved portion of the street was about fifty-five feet wide. The bridge, which was twenty-four feet wide, was built by the State which paved the approaching highway to a width of eighteen or twenty feet. In 1934, the town of Parishville, with the consent of the State Highway Department, paved the remaining portions of the street to the curb line. A little less than thirty feet of the pavement approaching the easterly side of the river and north of the State-built portion ends abruptly at a slightly elevated bank along and about twenty or twenty-five feet from the easterly edge of the river. On the night in question, the car was being driven on the northerly portion of the street at about twenty miles an hour, and went over the embankment and into the river with the fatal results

mentioned. The State had failed to erect any kind of a warning device. It would take only about one second for a car driven at the comparatively slow speed proven to go from the dead end of the pavement into the river.

The three judgments in favor of the claimants should be affirmed, with costs and disbursements, the judgment in favor of the State should be affirmed, without costs.

Hill, P. J., Brewster, Foster, Russell and Deyo, JJ., concur. \

Judgments in favor of claimants, Thornton Hunter, Thornton Hunter, as administrator of the goods, chattels and credits of Galena Hunter, deceased, and John Martin, as administrator of the goods, chattels and credits of Alda Martin, deceased, affirmed, with costs to claimants in each instance.

Judgment in favor of the State in the matter presented by John Martin, as administrator of the goods, chattels and credits of Bernard Martin, deceased, affirmed, without costs.